**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ZAGFLY, INC., | No. 13-71566 |
| Petitioner - Appellant, | Tax Ct. No. 1494-12X |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
Tax Court

Argued and Submitted May 6, 2015
Pasadena, California

Before: FISHER, BEA and FRIEDLAND, Circuit Judges.

Zagfly, Inc., appeals the Tax Court's denial of its petition for a declaration

of tax-exempt status under I.R.C. § 501(c)(3). Reviewing the Tax Court's

nonexemption determination de novo and its underlying factual findings for clear

error, *see Johanson v. Comm'r*, 541 F.3d 973, 976 (9th Cir. 2008), we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The Tax Court correctly applied the "operational test" under Treasury Regulation § 1.501(c)(3)-1(c)(1), determining Zagfly would not be "operated exclusively for one or more exempt purposes." It based this conclusion on the factual finding that Zagfly would not be engaged primarily in activities which accomplish one or more of the exempt purposes specified in section 501(c)(3) of the tax code. Based on its filings with the Internal Revenue Service (IRS), Zagfly's main activity would be to operate a website through which its customers could purchase flowers at market prices. After establishing the flower website's viability, Zagfly would expand to market other goods and services. Although Zagfly planned to donate its business profits to charitable organizations, the Tax Court did not err in concluding the donation of business profits was not an exempt purpose. *See Riker v. Comm'r*, 244 F.2d 220, 227-28 (9th Cir. 1957).[1]

**AFFIRMED.**

---

[1] Because we affirm the Tax Court's nonexemption determination under Treasury Regulation § 1.501(c)(3)-1(c)(1), we decline to address the court's "unrelated trade or business" analysis under § 1.50l(c)(3)-l(e)(l) and the Commissioner's alternative argument that Zagfly would not qualify for exemption because it would be a "feeder organization."